ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:     (702) 634-5000
Facsimile:      (702) 380-8572
Email: ariel.stern@akerman.com
Email: natalie.winslow@akerman.com

*Attorneys for Defendant Bank of America, N.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>PAUL J. MALIKOWSKI,<br>BANK OF AMERICA, N.A.,<br><br>                    Defendants. | Case No.:   3:13-cv-00470-RCJ-VPC<br><br>**BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Bank of America, N.A. (**Bank of America**) answers as follows:

1. Bank of America admits the allegations in paragraph 1 of the complaint.

2. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, and therefore denies the same.

3. Paragraph 3 of the complaint contains a legal conclusion to which no response is reasonably required.  To the extent a response is nonetheless required, Bank of America admits that 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1340 and 1345 grant the Court jurisdiction, *inter alia*, to hear matters by the United States to enforce federal tax liens.

4. Paragraph 4 of the complaint contains a legal conclusion to which no response is reasonably required.  To the extent a response is nonetheless required, Bank of America admits that 28 U.S.C. §§ 1391(b) and 1396, *inter alia*, allow the United States to initiate a civil action to enforce federal tax liens in the district of the taxpayer's residence or in the district where the tax return was filed.

5. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, and therefore denies the same.

6. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, and therefore denies the same.

7. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, and therefore denies the same.

8. Bank of America states that the grant, bargain and sale deed referenced in paragraph 8 of the complaint speaks for itself, and denies any allegation in paragraph 8 inconsistent with the deed.

9. Bank of America admits the allegations in paragraph 9 of the complaint.

10. Bank of America states that the deed of trust referenced in paragraph 10 of the complaint speaks for itself, and denies any allegation in paragraph 10 inconsistent with the deed of trust.

11. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, and therefore denies the same.

12. Bank of America states that the notice of federal tax lien referenced in paragraph 12 of the complaint speaks for itself, and denies any allegation in paragraph 12 inconsistent with the notice.

13. Bank of America states that the notice of federal tax lien referenced in paragraph 13 of the complaint speaks for itself, and denies any allegation in paragraph 13 inconsistent with the notice.

14. Bank of America is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, and therefore denies the same.

15. Every allegation in the complaint not expressly admitted above is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Bank of America alleges that plaintiff has failed to state facts sufficient to constitute any cause of action against Bank of America.

### SECOND AFFIRMATIVE DEFENSE

Bank of America alleges that plaintiff's claims are barred in whole or in part due to plaintiff's failure to take reasonable steps to mitigate damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

Bank of America alleges that plaintiff's claims are barred, in whole or in part, on the grounds that Bank of America's conduct as alleged in plaintiff's complaint is privileged.

**FOURTH AFFIRMATIVE DEFENSE**

The acts or omissions of Bank of America alleged in plaintiff's complaint were not a proximate cause of the loss or damage for which plaintiff seeks recovery.

**FIFTH AFFIRMATIVE DEFENSE**

Bank of America alleges that, by reason if its own acts and omissions, plaintiff has waived its right to assert claims against Bank of America.

**SIXTH AFFIRMATIVE DEFENSE**

Bank of America has a senior secured interest in the property than that of plaintiff, and therefore is entitled to funds from any foreclosure sale prior to any payment of foreclosure sale funds to plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Bank of America reserves the right to assert additional affirmative defenses in the event discovery and/or investigation discloses the existence of other affirmative defenses.

**AKERMAN LLP**

/s/ Natalie L. Winslow
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Defendant Bank of America, N.A.*

{28089656;1} 3

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of February, 2014, and pursuant to Fed. R. Civ. P. 5(b), I served via CM/ECF a true and correct copy of the foregoing **BANK OF AMERICA, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**, postage prepaid to the following parties:

Kathryn Keneally, Esq.
Virginia Cronan Lowe, Esq.
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044

*Attorneys for United States of America*

/s/ Natalie Winslow
An employee of Akerman LLP

{28089656;1}

4